STATE OF NORTH CAROLINA
v.
JOMRI JARELLE WILSON

No. COA12-954

Filed 5 February 2013

**1. Larceny—after breaking or entering——findings of fact— conclusions of law—immediately after conclusion of suppression hearing not required**

The trial court did not err in a larceny after breaking or entering case by failing to make findings of fact and conclusions on the record immediately at the conclusion of the suppression hearing. The trial court complied with N.C.G.S. § 15A-977(f) and did not err by entering its written order.

STATE v. WILSON

[225 N.C. App. 498 (2013)]

## 2. Identification of Defendants—motion for mistrial—smaller photograph of defendant—not impermissibly suggestive—due process

The trial court did not err in a larceny after breaking or entering case by denying defendant's motion for a mistrial. There was no case supporting the proposition that admission of an identification based on a smaller photograph was an error resulting in substantial and irreparable prejudice requiring mistrial. The size discrepancy was not impermissibly suggestive. Because the procedure was not impermissibly suggestive, the due process analysis ended.

Appeal by Defendant from judgment entered 13 January 2012 by Judge Yvonne Mims Evans in Superior Court, Mecklenburg County. Heard in the Court of Appeals 28 January 2013.

*Attorney General Roy Cooper, by Special Deputy Attorney General V. Lori Fuller, for the State.*

*Heather L. Rattelade for Defendant.*

McGEE, Judge.

Jomri Jarelle Wilson (Defendant) filed a motion on 5 December 2011 to suppress the identification of Defendant, based on violations of his due process rights and the Eyewitness Identification Reform Act, N.C. Gen. Stat. § 15A-284.52. The trial court entered an order on 13 January 2012 denying Defendant's motion to suppress. A jury found Defendant guilty of larceny after breaking or entering on 13 January 2012. Defendant appeals.

[1] Defendant's first argument on appeal is that the trial court erred by failing "to make findings of fact and conclusions on the record at the conclusion of the suppression hearing." We disagree.

N.C. Gen. Stat. § 15A-977(f), which governs procedures for motions to suppress, requires that the judge "set forth in the record his findings of facts and conclusions of law." N.C. Gen. Stat. § 15A-977(f) (2011). Defendant appears to contend that the trial court should make findings immediately after the suppression hearing. However, the statute does not require the trial court to do so. "The statute does not require that the findings be made in writing at the time of the ruling. Effective appellate review is not thwarted by the subsequent order." *State v. Lippard*, 152 N.C. App. 564, 572, 568 S.E.2d 657, 662

(2002). The trial court complied with N.C. Gen. Stat. § 15A-977(f), and did not err by entering its written order on 13 January 2012.

[2] Defendant's second argument on appeal is that the trial court erred in denying his motion for a mistrial. A "trial court's decision concerning a motion for mistrial will not be disturbed on appeal unless there is a clear showing that the trial court abused its discretion." *State v. Horton*, 200 N.C. App. 74, 81, 682 S.E.2d 754, 759 (2009). "The judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings . . . resulting in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061 (2011).

Defendant contends that the procedure was impermissibly suggestive because Defendant's photograph was smaller, officers failed to ensure the photograph resembled Defendant at the time of the offense, and officers failed to ensure the other photographs resembled the eyewitness's description.

Defendant conflates two separate arguments. The failure to ensure that the photograph resembled Defendant and that the other photographs resembled the witness's description is relevant to N.C. Gen. Stat. § 15A-284.52, the Eyewitness Identification Reform Act. Remedies for statutory violations are specifically provided in N.C. Gen. Stat. § 15A-284.52(d). In accordance with that subsection, the trial court in this case instructed the jury that it "may consider what evidence [it] find[s] to be credible concerning compliance or non-compliance with such requirements in determining the reliability of eyewitness identification."

The size of the photographs is relevant to a second argument, a due process challenge. Our Supreme Court held that "identification procedures which are so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification violate a defendant's right to due process." *State v. Hannah*, 312 N.C. 286, 290, 322 S.E.2d 148, 151 (1984). We employ a two-step analysis to review this type of challenge. First, we determine "whether an impermissibly suggestive procedure was used in obtaining the out-of-court identification." *Id.* The "test is whether the totality of the circumstances reveals a pretrial procedure so unnecessarily suggestive and conducive to irreparable mistaken identity as to offend fundamental standards of decency and justice." *Id.*

In challenges to photographic lineup identifications, our Supreme Court "has considered pertinent aspects of the array, such as similar-

STATE v. WILSON

[225 N.C. App. 498 (2013)]

ity of appearance of those in the array and any attribute of the array tending to focus the witness' attention on any particular person therein, as factors in determining whether the identification procedures are impermissibly suggestive." *State v. Rogers*, 355 N.C. 420, 432, 562 S.E.2d 859, 868 (2002).

The trial court found that the officer "used fillers for the line-up of young black men with similar hair styles, height, weight and facial expressions. . . . The photograph of [D]efendant was smaller than the photographs of the five fillers."

Defendant cites no case in support of the proposition that admission of an identification based on a smaller photograph is an error resulting in substantial and irreparable prejudice requiring mistrial, and our research reveals no such case. The size discrepancy was not impermissibly suggestive.

Because we have determined that the procedure was not impermissibly suggestive, our due process analysis ends here. *State v. Stowes*, ___ N.C. App. ___, ___, 727 S.E.2d 351, 357 (2012); *Rogers*, 355 N.C. at 433, 562 S.E.2d at 869. Therefore, we need not determine, under the second step in the due process review, whether the procedure created a substantial likelihood of irreparable misidentification by weighing the factors of the identification's reliability against the "corrupting effect of the suggestive identification itself" set out in *Manson v. Brathwaite*, 432 U.S. 98, 114, 53 L. Ed. 2d 140, 154 (1977).

The trial court did not abuse its discretion in denying Defendant's motion for a mistrial.

No error.

Chief Judge MARTIN and Judge CALABRIA concur.